# EXHIBIT A

## Case Information

**Local Case Number:**
2025-025279-CA-01

**State Case Number:**
132025CA02527901GE01

**Case Style:**
David Berry et al vs State Farm Fire and Casualty Company

**Filing Date:**
12/24/2025

**Judicial Section:**
CA21 - Downtown Miami - Judge Dimitris, Jason E

**Case Status:**
OPEN

**Case Type:**
Other Civil Complaint

**Consolidated Case No.:**

## Related Cases

No data available

## Hearing Details

No data available

## Parties

| Party Description | Party Name | Attorney Information | Other Attorney(s) |
|---|---|---|---|
| Defendant | State Farm Fire and Casualty Company | **B#:** 196400<br>Johanna L Clark | **B#:** 1002585 Rodriguez, Miguel A. |
| Plaintiff | Berry, David | **B#:** 1011036<br>Louima, Garry B | |
| Plaintiff | Chastine, Juanita | **B#:** 1011036<br>Louima, Garry B | |

## Dockets

| DIN | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|
| 15 | 02/22/2026 | | Order Setting CM Deadline | Event | |
| 14 | 02/18/2026 | | Motion for Extension of Time | Event | |
| 13 | 02/18/2026 | | Notice of Appearance | Event | |
| 12 | 01/09/2026 | | Receipt: | Event | Receipt#:3260051 Amt Paid:$20.00 Name:LOUIMA, GARRY B 7875 NORTHWEST 57TH STREET, #25405 TAMARAC FL 33320 Comment: Allocation Code Quantity Unit Amount 3139-Summons Issue Fee 1 $10.00 $10.00 3139-Summons Issue Fee 1 $10.00 $10.00 Tender Type:eFilings Tender Amt:$20.00 Receipt Date:01/09/2026 Register#:326 Cashier:EFilingUser EFiling #:238974987 |
| 11 | 01/08/2026 | | Electronic Summons Email Notification Sent | Event | Garry B. Louima |

| DIN | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|
| 10 | 01/08/2026 | | Electronic Summons Email Notification Sent | Event | Garry B. Louima |
| | 01/08/2026 | | 20 Day Summons Issued | Service | |
| 9 | 01/08/2026 | | ESummons 20 Day Issued | Event | Re: Index # 7. |
| | 01/08/2026 | | 20 Day Summons Issued | Service | |
| 8 | 01/08/2026 | | ESummons 20 Day Issued | Event | Re: Index # 6. |
| 7 | 01/07/2026 | | (M) 20 Day (C) Summons (Sub) Received | Event | |
| 6 | 01/07/2026 | | (M) 20 Day (C) Summons (Sub) Received | Event | |
| 5 | 01/05/2026 | | Order to Serve Defendant | Event | |
| 4 | 12/27/2025 | | Receipt: | Event | Receipt#:2980046 Amt Paid:$401.00 Name:LOUIMA, GARRY B 7875 NORTHWEST 57TH STREET, #25405 TAMARAC FL 33320 Comment: Allocation Code Quantity Unit Amount 3100-Circuit Filing Fee 1 $401.00 $401.00 Tender Type:eFilings Tender Amt:$401.00 Receipt Date:12/27/2025 Register#:298 Cashier:EFilingUser EFiling #:238384757 |
| 2 | 12/24/2025 | | Complaint | Event | |
| 1 | 12/24/2025 | | Civil Cover Sheet - Claim Amount | Event | |

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>David Berry, Juanita Chastine</u>
Plaintiff

Case # _____
Judge _____

vs.

<u>State Farm Fire and Casualty Company</u>
Defendant

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

### III.    TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
       ☐ Business governance
       ☐ Business torts
       ☐ Environmental/Toxic tort
       ☐ Third party indemnification
       ☐ Construction defect
       ☐ Mass tort
       ☐ Negligent security
       ☐ Nursing home negligence
       ☐ Premises liability—commercial
       ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
       ☐ Commercial foreclosure
       ☐ Homestead residential foreclosure
       ☐ Non-homestead residential foreclosure
       ☐ Other real property actions

☐ Professional malpractice
       ☐ Malpractice—business
       ☐ Malpractice—medical
       ☐ Malpractice—other professional
☒ Other
       ☐ Antitrust/Trade regulation
       ☐ Business transactions
       ☐ Constitutional challenge—statute or ordinance
       ☐ Constitutional challenge—proposed amendment
       ☐ Corporate trusts
       ☐ Discrimination—employment or other
       ☐ Insurance claims
       ☐ Intellectual property
       ☐ Libel/Slander
       ☐ Shareholder derivative action
       ☐ Securities litigation
       ☐ Trade secrets
       ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

  <u>3</u>

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☐ yes
    ☒ no

**IX.    DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Garry B. Louima</u>        Fla. Bar # <u>1011036</u>
        Attorney or party               (Bar # if attorney)

<u>Garry B. Louima    </u>         <u>12/24/2025</u>
  (type or print name)           Date

Filing # 238384757 E-Filed 12/24/2025 05:26:59 PM

01/29/2026

IN THE COUNTY COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI DADE COUNTY FLORIDA

David Berry and
Juanita Chastine

      Plaintiffs,

                                    Case No.:

State Farm Fire and Casualty
Company,

      Defendant.

_____/

## **COMPLAINT FOR DAMAGES**

Plaintiffs, David Berry ("Berry") and Juanita Chastine ("Chastine") (collectively "Plaintiffs") by and through undersigned counsel hereby brings this action for damages against State Farm Automobile Insurance Company ("Defendant") and states the following:

1. This is an action for damages that exceed $50,000.

2. Plaintiff Berry is an individual residing in Miami-Dade County, Florida.

3. Defendant is a corporation duly organized and registered to do business in the state of Florida.

4. Venue is proper under *Fla. Stat.* 47.011 as the action accrued in Miami-Dade County.

<u>Facts</u>

5. On September 7, 2024, Miami Gardens Police Department ("MGPD") stopped Berry while driving a Chevrolet Camaro with a VIN of 1G1FF1R7XM0133216 ("Vehicle") and arrested Berry for Grand Theft Auto and Possession of Motor Vehicle with Altered Identification (Miami Dade Case Number: F24- 019128).

6. Berry was arrested under the theory that the vehicle he was driving at the time of the arrest was a vehicle he reported stolen in around November 2022 with a VIN of 1G1FK1R66J0136757. A copy communication between Berry and State Farm regarding that vehicle claim, 59-42D1-02T is attached to this Complaint as **Exhibit A**.

01/29/2026

7. On October 22, 2024, the Office of the State Attorney in and for the Eleventh Judicial Circuit ("the State") declined to prosecute the Grand Theft Auto offense; however, the State filed the Possession of Motor Vehicle with Altered Identification charge against Berry and on July 17, 2025, the State then nolle prossed the Possession of Motor Vehicle with Altered Identification Charge.

8. The Eleventh Judicial Circuit Court judge ruled that Defendant in the a had a superior possessory right in Vehicle and erroneously granted possession to Defendant.

9. Plaintiffs are in possession of documentation of evidencing a superior possessory right. A copy of the document is attached to this Complaint as **Exhibit B**.

10. At the time of the purchase of the vehicle, Plaintiffs were in a relationship. The Vehicle was titles in Chastine's name, however Berry provided the purchase money, made payments, maintained the Vehicle and paid insurance for the Vehicle.

11. Ultimately the charges against Berry were dropped, and his innocence was proven, however Defendant is in possession of the Vehicle.

12. Upon information or belief, the Vehicle was sold at auction on or around June 3, 2025.

<u>Conversion</u>

13. Conversion "is the exercise of wrongful dominion and control over the property to the detriment of the actual owner." *Ice v. Cosmopolitan Residences on South Beach, a Condominium Association, Inc.*, 237 So.3d 408 (Fla. 3d DCA 2017).

14. Defendant wrongfully exercised wrongful dominion over the Vehicle when Defendant received the Vehicle and subsequently sold the Vehicle. Defendant sold the Vehicle to the detriment of Plaintiffs as Plaintiffs no longer has possession or use of the Vehicle.

<u>Civil Theft</u>

15. "In order to prove civil theft, it is necessary to show not only that the defendant obtained or endeavored to obtain the plaintiff's property, but that he did so with the felonious intent to commit a theft." *Ames v. Provident Life & Acc. Ins. Co.*, 942 F. Supp. 551, 560 (S.D. Fla. 1994).

16. Berry sent a Demand Letter to Defendant in compliance with *Fla. Stat.* §772.11. A copy of the Demand Letter is attached to this Complaint as **Exhibit C**.

17. Defendant has failed to establish any possessory right for the Vehicle and took possession of the Vehicle and subsequently sold the Vehicle at auction.

18. Plaintiffs have been deprived of the Vehicle's use and value through the sale of the Vehicle.

## Declaratory Relief

19. Declaratory relief under *Fla. Stat.* Chapter 86 and *May v. Holley*, 59 So. 2d 636 (Fla. 1952), 639 can be granted when:

    a. that there is a bona fide, actual, present practical need for the declaration;
    b. that the declaration deals with a present, ascertained or ascertainable state of facts or present controversy as to a state of facts;
    c. that some immunity, power, privilege or right of the complaining party is dependent upon the facts or the law applicable to the facts;
    d. that there is some person or persons who have, or reasonably may have an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law;
    e. that the antagonistic and adverse interest are all before the court by proper process or class representation; and
    f. that the relief sought is not merely the giving of legal advice by the courts or the answer to questions propounded from curiosity.

20. A bona fide, actual, present practical need exists for the declaration as clarity on which party has the superior right to the Vehicle would determine the rights of the parties to this action.

21. There are ascertained and ascertainable facts which can be provided or discovered in evidence to prove which party has the superior right to the possession and title to the Vehicle.

22. Plaintiffs are depending on Plaintiffs' right to possession of Plaintiffs' personal property of which Plaintiffs were unjustly dispossessed.

23. Defendant has a reasonably actual and present adverse and antagonistic interest in the Vehicle in fact and law as Defendant would be liable for damages in the event a declaration is made in favor of Plaintiffs.

24. Defendant shall be properly served and presented with the opportunity to appear in court to defend its interests.

25. The relief sought would establish a possessory right which shall have economic consequences for both parties.

WHEREFORE, Plaintiffs demand a judgment be entered in favor of Plaintiffs for treble damages pursuant to *Fla. Stat.* §772.11 and enter a declaratory judgment declaring Plaintiffs have a superior right in the title to the Vehicle and all other relief deemed just and proper.

01/29/2026

Providing Insurance and Financial Services
Home Office, Bloomington, IL

 StateFarm®

# Exhibit A

September 24, 2024

David Alexander Berry
17545 NW 29th CT
Miami Gardens FL 33056-4022

**State Farm Claims**
PO Box 52257
Phoenix AZ 85072-2257

RE: Claim Number: 59-42D1-02T
Date of Loss: November 21, 2022
Our Insured: David A Berry

Dear David Alexander Berry:

Thank you for calling for a status update on your claim. At this time the claim is still currently under investigation and we are current not releasing any information that may be deemed work product.

If you have questions or need assistance, call us at (800) 331-1169 Ext. 11.

Sincerely,

Shermel Cox
Claim Specialist
Adjusters License: W445505
(800) 331-1169 Ext. 11
Fax: (855) 666-0964
statefarmclaims@statefarm.com
For your protection, when emailing State Farm, please do not include sensitive personal information such as Social Security Number, credit/debit card number (financial account number), driver's license number, or health/medical information in an email. Please contact us at (800) 331-1169 Ext. 8633182022 to discuss sensitive information.

State Farm Fire and Casualty Company



**Garry B. Louima, Esq.**
Louima@FirstStepLS.com
www.FirstStepLS.com
954-225-2990

01/29/2026

To:     State Farm Insurance
        One State Farm Plaza
        Bloomington, IL 61710

        Registered Agent
        Chief Financial Officer
        200 East Gaines Street
        Tallahassee, FL 32399

Re:     David Berry

Date:   October 17, 2025

# Exhibit B

To Whom It May Concern:

My name is Garry B. Louima, Esq., and I represent David Berry. It has been brought to my attention that there is a dispute between my client and this company concerning the disposition of property, namely a Black Chevrolet Camaro ZL1 with a VIN of 1G1FF1R7XM0133216 ("Vehicle").

On September 7, 2025, Mr. Berry was arrested and charged with Grand Theft Auto and Possession of Motor Vehicle with Altered Identification (Miami Dade Case Number: F24-019128). Mr. Berry was arrested under the theory that the vehicle he was driving at the time of the arrest was a vehicle he reported stolen in around November 2022 with a VIN of 1G1FK1R66J0136757. A copy communication between Mr. Berry and State Farm regarding that vehicle claim, 59-42D1-02T is attached to this Letter. The police were under the impression that fraudulent and subsequently criminal activity surrounded the identification of the Vehicle.

01/29/2026

At all times Mr. Berry maintained his innocence, even to go as far as to reject a plea deal from the prosecutor's office. His persistence paid off as on October 22, 2024, the State Attorney declined to prosecute Mr. Berry for Grant Theft Auto, and on July 17, 2025, the State Attorney decided to nolle prosequi the Possession of Motor Vehicle with Altered Identification charge, rendering the case fully dismissed with no further action against Mr. Berry proving his innocence.

This was a victory for Mr. Berry and for justice, however, Mr. Berry was no longer in possession of the Vehicle, which was turned over to State Farm by the Miami Gardens Police Department, before the conclusion of the above-mentioned case.

## Conversion

Mr. Berry had a right of possession of the Vehicle and was wrongfully dispossessed of the Vehicle through a wrongful act that was inconsistent with Mr. Berry's property rights, which resulted in damages to Mr. Berry. State Farm did not have the right to possess the Vehicle nor did State Farm establish the right to possess the Vehicle.

## Civil Theft §772.11

State Farm's actions amount to Civil Theft under Florida Law as State Farm obtained Mr. Berry's Property with felonious intent to permanently deprive Mr. Berry of his right to benefit from the Vehicle or appropriate the Vehicle for the use of another. Section 772.11 of the Florida Statutes, entitled "Civil remedy for theft of exploitation," provides the following:

> Any person who proves by clear and convincing evidence that he or she has been injured in any fashion by reason of any violation of ss. 812.012-812.037 or s. 825.103(1) has a cause of action for threefold the

2

01/29/2026

actual damages sustained and, in any such action, is entitled to minimum damages in the amount of $200, and reasonable attorney's fees and court costs in the trial and appellate courts. Before filing an action for damages under this section, the person claiming injury must make a written demand for $200 or the treble damage amount of the person liable for damages under this section.

Accordingly, this Demand Letter shall serve as formal and final notice for treble damages, pursuant to *Fla. Stat.* §772.11, for the market value of the Vehicle at the time of the sale of the Vehicle.

Upon inquiry, information or belief, we have come to the conclusion that the Vehicle has been sold and is no longer in possession of State Farm. We are requesting the following:

<u>Documentation</u>

Please provide the following documentation within ten (10) business days

(1) Vehicle Release Authorization — any form, letter, or court order authorizing release of the vehicle to State Farm.

(2) Vehicle Title Transfer Records — any title, reassignment, or release documents submitted to the Department of Motor Vehicles or equivalent agency.

(3) Proof of Sale of the Vehicle — including bill of sale, date of sale, buyer information, and sale price.

(4) Photographs or Inspection Reports — all photos, condition reports, or inspection documentation used to identify the vehicle before release.

3

01/29/2026

- (5) Case Disposition or Closure Report – all internal documents or reports pertaining to this matter including any court filings.

### Damages

As a direct and foreseeable result of State Farm's actions, Mr. Berry has suffered the complete loss of his Vehicle and the use thereof, along with the associated financial and personal burdens that followed. Accordingly, we hereby demand payment in the amount of $200,000.00, representing the full fair market value of the Vehicle at the time of its wrongful seizure, along with incidental and consequential damages, including but not limited to transportation expenses, rental costs, loss of use, legal fees and costs, emotional distress, and the time and resources expended to address this matter. This demand is made without prejudice to my right to pursue additional damages, including punitive damages and attorney's fees, should litigation become necessary. If full payment and satisfactory resolution are not received within **thirty (30) business days** from the date of this letter, we will proceed with filing a civil action seeking full compensatory and punitive recovery against all responsible parties.

---

Mr. Berry was found innocent of any wrongdoing, and should have the Vehicle returned to him. Since the return of Vehicle is not possible, he should be compensated for the conversion of the Vehicle and all damages associated with that conversion.

Failure to comply with the demands of this letter will result in the undertaking of any and all legal actions available to us to seek a remedy under the law. The above-mentioned claims are not an exhaustive list of all claims Mr. Berry expressly reserves the right to bring any and all

4

01/29/2026

additional claims, causes of action, or demands for relief that may arise from the facts described herein or that may later become known. Please direct all communications concerning this matter to me, Garry B. Louima, Esq.

## TAKE HEED OF THE FOREGOING AND GOVERN

## YOURSELF ACCORDINGLY.

Respectfully,
Garry B. Louima, Esq.
Managing Attorney

5

01/29/2026

Providing Insurance and Financial Services
Home Office, Bloomington, IL



September 24, 2024

David Alexander Berry
17545 NW 29th CT
Miami Gardens FL 33056-4022

**State Farm Claims**
PO Box 52257
Phoenix AZ 85072-2257

RE: Claim Number:      59-42D1-02T
    Date of Loss:      November 21, 2022
    Our Insured:       David A Berry

Dear David Alexander Berry:

Thank you for calling for a status update on your claim. At this time the claim is still currently under investigation and we are currentl not releasing any information that may be deemed work product.

If you have questions or need assistance, call us at (800) 331-1169 Ext. 11.

Sincerely,

Shermel Cox
Claim Specialist
Adjusters License: W445505
(800) 331-1169 Ext. 11
Fax: (855) 666-0964
statefarmclaims@statefarm.com
For your protection, when emailing State Farm, please do not include sensitive personal information such as Social Security Number,
credit/debit card number (financial account number), driver's license number, or health/medical information in an email. Please contact us
at (800) 331-1169 Ext. 8633152022 to discuss sensitive information.

State Farm Fire and Casualty Company

# Exhibit C

01/29/2026

Mail Lien Satisfaction to Dept of Highway Safety and Motor Vehicles, Neil Kirkman Building, Tallahassee, FL 32399-0600

T# 1732713913
B# 1806478

**STATE OF FLORIDA** / **LIEN SATISFACTION**

| Identification Number | Year | Make | Body | WT-LgHP | Vessel Regis No | Title Number |
|---|---|---|---|---|---|---|
| 1G1FF1R7XM0133216 | 2021 | CHEV | 2D | 3351 | | 147054160 |

Registered Owner:

Date of Issue    11/15/2022

JUANITA IALMITRA CHASTINE
845 PIPERS CAY DR UNIT 81
WEST PALM BEACH, FL 33415-4010

Lien Release
Interest in the described vehicle is hereby released
By _____
Title _____
Date _____

Mail To:

JUANITA IALMITRA CHASTINE
845 PIPERS CAY DR UNIT 81
WEST PALM BEACH, FL 33415-4010

**IMPORTANT INFORMATION**

1. When ownership of the vehicle described herein is transferred, the seller MUST complete in full the Transfer of Title by Seller section at the bottom of the certificate of title.
2. Upon sale of this vehicle, this seller must complete the notice of sale on the reverse side of this form.
3. Remove your license plate from the vehicle.
4. See the web address below for more information and the appropriate forms required for the purchaser to title and register the vehicle, mobile home or vessel. http://www.hsmv.state.fl.us/html/titlinf.html

---

# CERTIFICATE OF TITLE

| Identification Number | Year | Make | Body | WT-LgHP | Vessel Regis No | Title Number |
|---|---|---|---|---|---|---|
| 1G1FF1R7XM0133216 | 2021 | CHEV | 2D | 3351 | | 147054160 |

Lien Release
Interest in the described vehicle is hereby released

| Prev State | Color | Primary Brand | Secondary Brand | No of Brands | Use | Prev Issue Date |
|---|---|---|---|---|---|---|
| FL | BLK | | | | PRIVATE | 08/26/2022 |

By _____
Title _____
Date _____

| Odometer Status or Vessel Manufacturer or CH use | Engine Drive | Hull Material | Prop | Date of Issue |
|---|---|---|---|---|
| 15,000 MILES 11/15/2022 ACTUAL | | | | 11/15/2022 |

Registered Owner

JUANITA IALMITRA CHASTINE
845 PIPERS CAY DR UNIT 81
WEST PALM BEACH, FL 33415-4010

1st Lienholder
NONE

DIVISION OF MOTORIST SERVICES    TALLAHASSEE    FLORIDA    DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES

*Robert R. Kynoch*
Robert R. Kynoch
Director

Control Number **159307591**

1  /13  159307591

*Terry L. Rhodes*
Terry L. Rhodes
Executive Director

**TRANSFER OF TITLE BY SELLER** (This section must be completed at the time of sale.)

Federal and/or state law require that the seller state the mileage, purchaser's name, selling price and date sold in connection with the transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.
This title is warranted to be free from any liens except as noted on the face of the certificate and the motor vehicle or vessel described is hereby transferred to:

Seller Must Enter Purchaser's Name _David Berry_    Address _____

Seller Must Enter Selling Price _$6,000_    Seller Must Enter Date Sold _10-15-25_

I/We state that the [ ] 5 or [ ] 6 digit odometer now reads 1,1,2,0,0,0,0 (no tenths) miles, date read 10-15-25 and I hereby certify that to the best of my knowledge the odometer reading
[ ] 1. reflects ACTUAL MILEAGE    [ ] 2. is IN EXCESS OF ITS MECHANICAL LIMITS.    [ ] 3. is NOT THE ACTUAL MILEAGE.

UNDER PENALTIES OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING DOCUMENT AND THAT THE FACTS STATED IN IT ARE TRUE.

SELLER Must Sign Here _____    CO-SELLER Must Sign Here _____

Print Here _Juanita Chastine_    Print Here _____

Selling Dealer's License Number _____    Tax No _____    Tax Collected _____

Auction Name _____    License Number _____

PURCHASER Must Sign Here _David Berry_    CO-PURCHASER Must Sign Here _____

Print Here _DAVID BERRY_    Print Here _____

NOTICE: PENALTY IS REQUIRED BY LAW IF NOT SUBMITTED FOR TRANSFER WITHIN 30 DAYS AFTER DATE OF PURCHASE.

HSMV 82250 (REV 3/15)    **STATE OF FLORIDA**

Filing # 238974987 E-Filed 01/07/2026 01:25:11 PM

IN THE COUNTY COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI DADE COUNTY FLORIDA

David Berry and
Juanita Chastine

     Plaintiffs,

                            Case No.: Case No.: 2025-025279-CA-01

State Farm Fire and Casualty
Company,

     Defendant.

_____/

## SUMMONS

THE STATE OF FLORIDA
TO EACH SHERIFF OF THE STATE GREETINGS:

     YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the COMPLAINT filed in this action upon Defendant(s):

STATE FARM FIRE AND CASUALTY COMPANY
ONE STATE FARM PLAZA
BLOOMINGTON, IL 61710-0001

     Each Defendant is hereby required to serve written defenses to the Complaint on Plaintiff's attorney, whose name and address is:

First Step Legal Solutions, PLLC
Garry B. Louima, Esq.
7875 NW 57th Street, #25405
Tamarac, FL, 33320

Within twenty (20) days after service of this summons upon Defendant, exclusive of the day of service, and to file the original of the written defenses with the clerk of this court either before service on Plaintiff's attorney, or immediately thereafter. If defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition

                              1/8/2026

WITNESS my hand and seal of said Court this _____ day of _____

                                      As Clerk of Court

By_____

                                    As Deputy Clerk

Case 1:26-cv-21335-XXXX   Document 1-1   Entered on FLSD Docket 02/27/2026   Page 19 of 31

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CASE NO: 2025-025279-CA-01
SECTION: CA21
JUDGE: Jason E. Dimitris

**David Berry et al**

Plaintiff(s)

vs.

**State Farm Fire and Casualty Company**

Defendant(s)

_____/

## ORDER TO SERVE DEFENDANT

*Plaintiff is hereby placed on notice that service of process must be completed on Defendant(s) within the 120-day timeframe required by Rule 1.070 (j), Fla. R. Civ. P. Accordingly, it is hereby:*

*ORDERED AND ADJUDGED that Plaintiff shall serve the Defendant(s) by the 120-day deadline. If Plaintiff is unable to serve by the 120-day deadline, to avoid dismissal by the Court, Plaintiff may file a motion to extend service **and** Plaintiff must contemporaneously email proof of the filing to the Court at 11thca21@jud11.flcourts.org. The motion must contain proof of the specific details showing good cause and/or excusable neglect for the failure to serve any Defendant(s) and what steps are being undertaken to perfect service.*

***Failure to serve in compliance with the Rule will result in dismissal of unserved defendants, or dismissal of the action, on or after the 120th day from the date of filing this Case, without further Notice or Hearing. This is the only Notice Plaintiff will receive.***

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this 5<u>th</u> <u>day of January,</u> <u>2026</u>.

<u>2025-025279-CA-01 01-05-2026 11:22 AM</u>
Hon. Jason E. Dimitris

**CIRCUIT COURT JUDGE**
Electronically Signed

No Further Judicial Action Required on **THIS MOTION**

CLERK TO **RECLOSE** CASE IF POST JUDGMENT

**Electronically Served:**

- Garry B. Louima: Louima@FirstStepLS.com
- Garry B. Louima: Garrylouima@gmail.com

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.:  2025-025279-CA-01

DAVID BERRY AND
JUANITA CHASTINE,

      Plaintiff,

v.

STATE FARM FIRE AND
CASUALTY COMPANY,

      Defendant.

_____/

## DEFENDANT'S NOTICE OF APPEARANCE
## AND DESIGNATION OF E-MAIL ADDRESSES

PLEASE TAKE NOTICE that Johanna W. Clark and Miguel A. Rodriguez of the law firm of Carlton Fields, P.A., hereby enter their appearance as counsel for Defendant, State Farm Fire and Casualty Company.

Pursuant to Florida Rule of Judicial Administration 2.516, Defendant hereby designates the following addresses by e-mail:

jclark@carltonfields.com (primary)
marodriguez@carltonfields.com (primary)
atokarz@carltonfields.com (secondary)

Please note that service by e-mail should utilize all e-mail addresses.  Correspondence other than service should utilize only the primary e-mail address.

Dated:  February 18, 2026                Respectfully submitted,

                                         _/s/ Johanna W. Clark_____
                                         Johanna W. Clark (FBN 196400)
                                         Miguel A. Rodriguez (FBN 1002585)
                                         CARLTON FIELDS, P.A.
                                         200 South Orange Avenue, Suite 1000
                                         Orlando, Florida 32801
                                         Tel:    (407) 849-0300
                                         Fax:    (407) 648-9099
                                         Email: jclark@carltonfields.com (primary)
                                         Email: marodriguez@carltonfields.com (primary)
                                         Email: atokarz@carltonfields.com (secondary)
                                         *Attorneys for Defendant, State Farm Mutual*
                                         *Automobile Insurance Company*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 18, 2026, the foregoing was filed with the Clerk

of the Court through Florida's e-Portal, which will send an electronic notice of filing and service

copy of the foregoing to the following:

Garry B. Louima, Esq.
First Step Legal Solutions, PLLC
7875 NW 57th Street, #25405
Tamara, FL 33320
*Attorney for Plaintiff*

                                         _/s/ Johanna W. Clark_____
                                         JOHANNA W. CLARK

Filing # 242060716 E-Filed 02/18/2026 05:31:21 PM

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

DAVID BERRY AND JUANITA
CHASTINE,

      Plaintiffs,                      Case No. 2025-025279-CA-01

v.

STATE FARM FIRE AND CASUALTY
COMPANY,

      Defendant.
_____/

## STATE FARM FIRE AND CASUALTY COMPANY'S
## MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT

Defendant, State Farm Fire and Casualty Company ("State Farm"), by and through undersigned counsel, requests the Court enter an order briefly extending the time for State Farm to respond to the Complaint and states as follows:

1.     Plaintiffs served State Farm with the Complaint on January 29, 2026.

2.     The undersigned was recently retained and is in the process of obtaining and reviewing the relevant files and the allegations in the Complaint.

3.     Accordingly, State Farm requires an additional thirty (30) days to prepare and file its response to the Complaint.

4.     This motion is not made for the purpose of delay, and Plaintiffs will not be prejudiced by the brief extension of time requested.

WHEREFORE, Defendant, State Farm Fire and Casualty Company respectfully requests this Court enter an order extending the deadline for State Farm to respond to the Complaint to March 20, 2026.

143691432.1

## <u>CERTIFICATION IN ACCORDANCE WITH FLA. R. CIV. P. 1.202</u>

I certify that prior to filing this motion, on February 18, 2026, the undersigned counsel

emailed Plaintiffs' counsel regarding the requested extension of time and counsel did not respond.

Dated: February 18, 2026                       Respectfully submitted,

                                                              */s/ Miguel A. Rodriguez*
                                                              Johanna W. Clark [FBN 196400]
                                                              Daniel C. Johnson [FBN 522880]
                                                              Miguel A. Rodriguez [FBN 1002585]
                                                              CARLTON FIELDS, P.A.
                                                              200 S. Orange Avenue, Suite 1000
                                                              Orlando, Florida 32801
                                                              Phone:    (407) 849-0300
                                                              Fax:       (407) 648-9099
                                                              Email: jclark@carltonfields.com (primary)
                                                              Email: marodriguez@carltonfields.com (primary)
                                                              Email: atokarz@calrtonfields.com (secondary)
                                                              *Attorneys for Defendant, State Farm Mutual*
                                                              *Automobile Insurance Company*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on February 18, 2026, the foregoing was filed with the Clerk

of the Court through Florida's e-Portal, which will send an electronic notice of filing and service

copy of the foregoing to the following:

Garry B. Louima, Esq.
First Step Legal Solutions, PLLC
7875 NW 57th Street, #25405
Tamara, FL 33320
*Attorney for Plaintiffs*

                                                              */s/ Miguel A. Rodriguez*
                                                              Miguel A. Rodriguez

2

143691432.1

Filing # 242272925 E-Filed 02/22/2026 10:19:26 PM

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CASE NO: <u>2025-025279-CA-01</u>
SECTION: <u>CA21</u>
JUDGE: <u>Jason E. Dimitris</u>

**David Berry et al**

Plaintiff(s)

vs.

**State Farm Fire and Casualty Company**

Defendant(s)

_____/

**CASE MANAGEMENT ORDER
(GENERAL PATHWAY)**

  **THIS CAUSE** came before the Court on case management review. Based on the review of the file, and pursuant to Florida Rule of Civil Procedure 1.200, as well as Florida Rule of General Practice and Judicial Administration 2.545, the Court has established Case Management Deadlines, and it is hereby:

  **ORDERED** that:

1. The parties must strictly comply with the deadlines established in this order, which will be strictly enforced unless changed by Court order. Parties should expect that the case will be tried during the projected trial period specified, without continuances. The parties cannot agree to extend the deadlines except as specified in Florida Rule of Civil Procedure 1.200(e), and cannot agree to waive any portion of the provisions of this order. Failing to request an extension of service or effectuate service of process by the deadlines set forth in this order may result in dismissal pursuant to Rule 1.070(j).

2. **Procedural Requirements**: In addition to strict adherence to the Florida Rules of Civil Procedure and the Administrative Orders of the Court, the parties must comply with the Case Management Procedures in this order. The parties may not unilaterally extend any of the deadlines contained in the Case Management Procedures. Deadlines may be altered by the Court where the interests of justice so require, upon prompt motion, notice, and hearing.

| CASE MANAGEMENT DEADLINES | |
|---|---|
| **The parties must strictly comply with these Case Management Deadlines unless changed by Court order** | |
| **Deadline for Service of Complaint:** | **04-23-2026** |

| | |
|---|---|
| **Deadline for Service Under Extensions:** | <u>06-22-2026</u> |
| **Deadline for Rule 1.280(a) Initial Discovery Disclosures:** | <u>06-22-2026</u> |
| **Deadline for Filing and Resolution of All Objections to Pleadings:** | <u>06-22-2026</u> |
| **Deadline for Filing and Resolution of All Pretrial Motions:** | <u>06-22-2026</u> |
| **Deadline for Propounding Requests for Production, Requests to Admit and Interrogatories:** | <u>07-12-2026</u> |
| **Deadline for Initial Scheduling and Setting Depositions:** | <u>07-12-2026</u> |
| **Deadline for Adding Parties:** | <u>07-27-2026</u> |
| **Deadline for Witness and Exhibit List:** | <u>08-11-2026</u> |
| **Deadline for Inspections/Examinations:** | <u>08-11-2026</u> |
| **Deadline for Fact Discovery Completion (Including Depositions):** | <u>08-31-2026</u> |
| **Deadline for Expert Disclosure:** | <u>09-10-2026</u> |
| **Deadline for Expert Discovery Completion:** | <u>10-25-2026</u> |
| **Deadline for Filing and Service of Motions for Summary Judgment:** | <u>11-19-2026</u> |
| **Deadline for Dispositive Motions:** | <u>11-19-2026</u> |
| **Deadline for Resolution of all Pretrial Motions (Motions in Limine and Daubert) and Jury Instructions:** | <u>11-19-2026</u> |
| **Deadline for ADR/Mediation:** | <u>11-19-2026</u> |
| **Projected Trial Date:** | <u>02-17-2027</u> |

## CASE MANAGEMENT PROCEDURES
### Motion Practice

1. **Duty to Communicate**: In accordance with Florida Rule of Civil Procedure 1.202(a), before filing a non-dispositive motion, except for those motions exempted by Rule 1.202(c), the movant must confer with the opposing party in a good-faith effort to resolve the issues raised in the motion. If the parties are represented by counsel, such conferral must be between counsel, not through staff. "Good faith" includes being professional and temperate in communications, returning phone calls and emails in a timely manner, and not setting unreasonable deadlines for responses. The movant must file a certificate of conferral substantially in the form provided by Florida Rule of Civil Procedure 1.202(b), either certifying that conferral occurred or certifying that conferral is not required under Rule 1.202. Failure to comply with the requirements of Rule 1.202 may result in an appropriate sanction, including denial of a motion without prejudice. The purposeful evasion of

communication under Rule 1.202 may result in an appropriate sanction.

2. **Scheduling of Hearings**: Motions filed (other than dispositive motions or those requiring testimony) must be noticed for hearing on the first available motion calendar. Motions not promptly set for hearing, and motions that do not require a hearing pursuant to the rules, may be ruled upon by the Court on the papers.

3. **Compelling Discovery where there has been no response**: The parties are to comply with Administrative Order 06-09 when moving to compel production of propounded discovery. These motions must be submitted via courtMAP with supporting documents and may not be placed on motion calendar.

4. **Motions for Protective Order**: Motions for protective order must be filed as soon as the grounds are known. Counsel should be coordinating deposition dates for specific parties/witnesses and have a duty to confer regarding any issues that would be the subject of a motion for protective order prior to scheduling the deposition. The filing of the motion must not be delayed until immediately prior to the scheduled deposition. A motion for protective order does not automatically stay the deposition and the deposition will proceed unless an order granting the motion is entered by the Court.

5. **Motions for Extension**: Any motion to extend a deadline, amend a case management order, or alter a projected trial period must specify:

   A. the basis of the need for the extension, including when the basis became known to the movant;

   B. whether the motion is opposed;

   C. the specific date to which the movant is requesting the deadline or projected trial period be extended, and whether that date is agreed by all parties; and

   D. the action and specific dates for the action that will enable the movant to meet the proposed new deadline or projected trial period, including, but not limited to, confirming the specific date any required participants such as third-party witnesses or experts are available.

   If extending an individual case management deadline may affect a subsequent deadline in the case management order, parties must seek an amendment of the case management order, rather than submitting a motion for extension of an individual deadline.

   The Court may rule upon submission of a motion for extension of time without a hearing. Any motion for extension of time must be preceded by a meet and confer with opposing counsel and absent agreement, be set for hearing immediately upon filing. Counsel should be prepared to respond promptly in the event the motion is denied.

6. **Dispositive Motions**: Motions which may dispose of specific issues, portions of the case or the entire case should be filed and set within the time set forth in the case management order. Parties wishing to pursue a dispositive motion should target the essential discovery promptly.

7. **Amendment of Pleadings**: Motions to amend should be filed so as not to affect the date of trial. Although the Court recognizes the rule of liberality with regard to amendment of

pleadings, liberality declines with an approaching trial date unless the amendment involves newly discovered information not previously available. Review your pleadings for necessary amendment(s) early, not as part of last-minute trial preparation.

## **Discovery**

8. **Initial Discovery Disclosure**: Except as exempted by Florida Rule of Civil Procedure 1.280(a)(2) or as otherwise ordered by the Court, a party must, without awaiting a discovery request, within 60 days after the service of the complaint provide to the other parties the following initial discovery disclosures unless privileged or protected from disclosure:

   A. the name and, if known, the address, telephone number, and e-mail address of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

   B. a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control (or, if not in the disclosing party's possession, custody, or control, a description by category and location of such information) and may use to support its claims or defenses, unless the use would be solely for impeachment;

   C. a computation for each category of damages claimed by the disclosing party and a copy of the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; provided that a party is not required to provide computations as to noneconomic damages, but the party must identify categories of damages claimed and provide supporting documents; and

   D. a copy of any insurance policy or agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

If a party fails to make a disclosure required by rule 1.280(a), any other party may move to compel disclosure and for appropriate sanctions.

9. **Written Discovery must be propounded promptly**:

   a. **Scope of Discovery**: Parties may obtain discovery in accordance with Florida Rule of Civil Procedure 1.280(c)(1).

   b. **Objections**: If objections to written discovery involve the phrasing of the request or time frame of any discovery request, these objections may not be extended (even if the parties agree) and are due at the time the initial response is due. Failure to timely make these objections constitutes a waiver. Parties must comply with the "Duty to Communicate" above, prior to setting timely made objections for hearing.

   c. **Documents made available for inspection and copying**: If discovery responses provide that the documents are available for inspection and copying at a mutually convenient time and place, the responding party must immediately (within 48 hours)

provide three alternative dates and times that the documents are available for inspection and copying. All of the dates must be within ten (10) days. Failure to provide the dates and times constitutes a failure to respond to discovery. Review must occur within fifteen (15) days of the response, absent extraordinary circumstances. Examples of "extraordinary circumstances" include a sole practitioner in trial on another case, a medical emergency, prepaid vacation, and a death in the family.

d. **Privilege Logs**: Privilege logs are due at the time of the response and may not be reserved to be provided later. Privilege logs must specifically identify the document in accordance with Florida Rule of Civil Procedure 1.280(c)(6).

Failure to timely provide the privilege log may result in the waiver of the privilege. This procedure requires preparation of a privilege log with respect to all documents, electronically stored information, things and oral communications withheld on the basis of a claim of privilege or work product except the following: written and oral communications between a party and their counsel after commencement of the action and work product material created after commencement of the action.

Parties are instructed that where they believe that the divulgence of the logging information would necessarily cause disclosure of the allegedly privileged information, they must identify that the item exists and that *in camera* review by the Court will be sought. The item may be described generically. However, if the Court determines that there is nothing inherent in the divulgence of the existence of the document or the logging information required that would violate privilege, the Court will impose sanctions for any *in camera* request determined to be frivolous. *In camera* requests by the party claiming the privilege must be signed by both the requesting attorney and the client, so as to assure that all are aware of the request and the consequences.

e. **Expert Disclosure**: Parties should furnish opposing counsel with the names and addresses of all expert witness under Florida Rule of Civil Procedure 1.390(a) to be called at trial and all information regarding expert testimony that is required by Florida Rule of Civil Procedure 1.280(c)(5). Each party is limited to one expert per specialty. No other expert testimony should be permitted at trial. Information furnished pursuant to this paragraph should be timely filed.

10. **Depositions**: The parties are ordered to block time now for necessary depositions to be set in this case.  Expert deposition time should be coordinated and blocked as soon as experts are known to ensure compliance with this schedule. Depositions may commence at any time. Refer to Paragraph 4 above regarding motions for protective order.

11. **Duty to Supplement and Correct**: A party who has made a disclosure or who has responded to an interrogatory, a request for production, or a request for admission must supplement or correct its disclosure or response in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

## **Witness and Exhibits Lists**

12. **Witness and Exhibit Lists**: The parties must timely exchange their witness and exhibit lists. The lists must include complete proper names and addresses. If counsel chooses to list their bar address as the witness' address, counsel is deemed to have agreed to produce the witness voluntarily as they have withheld the information necessary for a witness subpoena, and counsel will be responsible for assuring that witness' presence at trial.

**Mediation**

13. **Mediation**: Parties must mediate by the Court's deadline. The parties are responsible for assuring that they have all the necessary information to value their position prior to mediation. If the parties fail to mediate before the mediation deadline, sanctions shall be imposed by the Court. Failure to timely mediate does not constitute just cause for a trial continuance.

**Setting Trial**

14. **Trial Order**: At least 45 days before the projected trial period set forth in the case management order the Court will issue a trial order fixing the trial period. Should the Court fail to issue a trial order at least 45 days prior to the projected trial period, Plaintiff must notify the Court to schedule a case management conference.

15. **Motions to Continue Trial**: Motions to continue trial are disfavored and will rarely be granted, and then only upon good cause shown. Successive continuances are highly disfavored. Lack of due diligence in preparing for trial is not grounds to continue the case. Motions for continuance based on parental leave are governed by Florida Rule of General Practice and Judicial Administration 2.570. A motion to continue trial must be in writing unless made at a trial and, except for good cause shown, must be signed by the named party requesting the continuance.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this 22nd day of February, 2026.

2025-025279-CA-01 02-22-2026 10:01 PM

2025-025279-CA-01 02-22-2026 10:01 PM
Hon. Jason E. Dimitris

**CIRCUIT COURT JUDGE**
Electronically Signed

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2400, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355, Email: ADA@jud11.flcourts.org at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711.**

**Electronically Served:**

- Garry B. Louima: Louima@FirstStepLS.com
- Garry B. Louima: Garrylouima@gmail.com
- Johanna W Clark: jclark@carltonfields.com
- Johanna W Clark: dmontgomery@carltonfields.com
- Johanna W Clark: atokarz@carltonfields.com
- Miguel A. Rodriguez: marodriguez@carltonfields.com
- Miguel A. Rodriguez: atokarz@carltonfields.com